FILED
Clerk
District Court
JAN 25 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHUO QIU a/k/a "IKE,"<br><br>Defendant. | Criminal Case No. 1:22-cr-00001<br><br>**MEMORANDUM DECISION RE: SEALING DEFENDANT'S FINANCIAL AFFIDAVIT** |

Defendant Shuo Qiu made his initial appearance before the Court on January 14, 2022. (Min., ECF No. 7.) Because Qiu had not yet submitted a financial affidavit (Form CJA-23), the Court ordered that appointed counsel would be for a limited purpose until the Qiu's eligibility for appointed counsel could be determined. (Appointment Orders, ECF Nos. 4, 9.) Shortly thereafter, Qiu submitted his Motion to Submit CJA 23 Under Seal for Ex Parte, In Camera Review, (ECF No. 10), and the Court conducted an ex parte hearing regarding the Motion and Qiu's eligibility for appointed counsel on January 24, 2022. During the hearing, the Court granted Qiu's Motion and appointed counsel to represent Qiu in this matter and ruled that Qiu may be ordered later to reimburse the Court for his legal expenses. This Memorandum Decision sets forth the Court's reasoning for granting the Motion.[1]

Qiu moved the Court to conduct an ex parte, in camera review of his financial affidavit based on his Fifth Amendment right against self-incrimination. He argued that revealing his financial

---

[1] Following the hearing, but before this written decision was issued, Qiu retained counsel. (ECF No. 16.)

1

affidavit "might lead to evidence that the Government would seek to use against him in this case." (*Id.* at 1-2.) Qiu further moved for his financial affidavit to remain under seal until after final judgment is issued. At the proceedings on January 19, 2022 and January 24, 2022, the Government indicated that it did not oppose the ex parte request and sealing of the relevant documents.

The Criminal Justice Act at 18 U.S.C. § 3006A(b) provides: "Unless the defendant waives representation by counsel, the United States magistrate or the court, if satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him." The defendant seeking free appointed counsel has the burden of proof to establish financial status. *United States v. Schmitz*, 525 F.2d 793 (9th Cir. 1975). Nevertheless, a defendant may invoke his Fifth Amendment right when submitting his financial affidavit: "[I]t is appropriate for a defendant to raise a fifth amendment objection at the time he is required to submit the financial information necessary to obtain court-appointed counsel." *Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513, 1520 (9th Cir. 1988) (J. Reinhardt, concurring). In so doing, a court has considerable latitude in inquiring into the defendant's financial status and determining eligibility for court-appointed counsel. *See United States v. Hyde*, 208 F. Supp. 2d 1052, 1054 n.1 (N.D. Cal. 2002). This inquiry may extend to ex parte proceedings with the defendant's financial affidavit. *See id.* (noting the benefit of the "full adversarial process" but acknowledging courts' discretion); *see also United States v. Ellsworth*, 547 F.2d 1096 (9th Cir. 1976) (discussing approvingly district court's in camera review of defendant's financial affidavit).

"The Fifth Amendment privilege against self-incrimination protects the accused from being incriminated by his or her own compelled testimonial communications." *United States v. Hickey*, 997

F. Supp. 1206, 1207 (N.D. Cal. 1998), dismissed and aff'd on other grounds, *United States v. Hickey*, 185 F.3d 1064, 1066 (9th Cir. 1999). To claim this privilege, "the accused must be confronted by substantial hazards of self-incrimination that are 'real and appreciable' and not merely 'imaginary and unsubstantial.'" *Hyde*, 208 F. Supp. 2d at 1054 (quoting *Seattle Times*, 845 F.2d at 1518). The information need not justify a criminal conviction; it is enough to establish "a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). A "lead or clue" that tends to incriminate the accused may be sufficient for the accused to avail of the Fifth Amendment privilege. *Hyde*, 208 F. Supp. 2d at 1055.

The Court agrees with Qiu that he may invoke his Fifth Amendment privilege as applied to his financial affidavit and moving papers. Given the alleged offense and a review of Qiu's moving papers and related documents, the Court finds that sealing these documents until after judgment is warranted. Accordingly, the Court GRANTS Qiu's motion to seal his financial affidavit and related documents until after the Court issues judgment.

IT IS SO ORDERED this 25th day of January, 2021.

HEATHER L. KENNEDY
Magistrate Judge