F I L E D
Clerk
District Court
APR 12 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHUO QIU aka "IKE,"<br><br>Defendant. | Criminal Case No. 1:22-cr-00001<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY BAIL AND TO SET CONDITIONS FOR PRETRIAL RELEASE** |

Before the Court is Defendant's Motion to Modify Bail and to Set Conditions for Pretrial Release (ECF Nos. 33, 34), to which the Government opposed (ECF No. 37). The matter came on for a hearing on April 11, 2022 (Min., ECF No. 38), at which time the Court DENIED Defendant's motion. The Court now issues this order setting forth its reasoning.

I.    PROCEDURAL HISTORY

On January 13, 2022, the Government filed a criminal complaint supported by an Affidavit by a U.S. Drug Enforcement Administration Special Agent against Defendant charging him with one count of possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. (Compl., ECF No. 1.) The next day, Defendant made his initial appearance after he was arrested pursuant to an arrest warrant (ECF No. 6) at which time the Court informed him of the Criminal Complaint filed against him as well as his constitutional rights. (Min., ECF No. 7.) Furthermore, the Government filed a motion for an order of detention and requested a 3-

day continuance of the detention hearing, which the Court granted by setting a detention hearing on January 19, 2022. (Mot., ECF No. 5; Min., ECF No. 7.) At the time, Defendant was represented by court-appointed counsel David G. Banes. (Appointment Order, ECF No. 4; Min., ECF No. 7.)

At the second detention hearing held on January 19, 2022, Defendant sought a three-day continuance to which the Government did not object. (Min., ECF No. 11.) The Court continued the detention hearing to January 24, 2022. At the third detention hearing, Defendant sought another unopposed continuance of the detention hearing. (Min., ECF No. 13.) The Court once again continued the detention hearing to January 27, 2022. (*Id.*) A Notice of Entry of Appearance and Substitution of Counsel for Defendant was filed the day after the third detention hearing by private counsel Robert T. Torres. (ECF No. 15.) Co-counsel Charity R. Hodson's appearance was entered three days later. (ECF No. 19.)

The Court held a preliminary examination and detention hearing on January 27, 2022. (Min., ECF No. 20.) During the preliminary hearing, the evidence presented included the amount of methamphetamine found at Defendant's hotel room and additional evidence of two firearms. During the detention hearing, Attorney Torres stated:

> [W]e're not able to put any conditions of release, as you at least heard from me, you know, from the examination that he's got two pending criminal cases in local court for which he's out on bail. I mean, so I'm not able to fashion conditions to rebut the presumption, and so I really can't proffer anything at this point.

(Tr. 49, ECF No. 28.) Based on the arguments and statements adduced at the hearing, the Court noted that there is a rebuttable presumption that no condition or combination of conditions would reasonably assure Defendant's appearance and the safety of the community because Defendant's offense carries

a maximum penalty of ten years or more and involves a felony involving possession of a firearm. (*Id.* at 49-50.) The Court further determined that Defendant did not rebut these presumptions. Defendant was thus detained pending trial. (Order of Detention, ECF No. 21.)

A grand jury subsequently indicted Defendant on January 31, 2022. (Indictment, ECF No. 22.) Trial was set for April 5, 2022 (Order Setting Trial, ECF No. 26), but was later continued at the unopposed request by Defendant (Mot. to Reschedule, ECF No. 29) to October 4, 2022 (Am. Order, ECF No. 32).

Over two months after the January 27 detention hearing, Defendant brought the instant motion seeking Defendant's release to his "close friend" John Magofna as his third-party custodian. (Mot., ECF No. 33; USPO Report, ECF No. 36 at 3.) Without submitting an affidavit or declaration by Magofna, Defendant informed the Court through his motion that Magofna is a 28-year-old security guard for a private company who "informs [of] no criminal history or criminal record." (Mot. 5.) The Government opposed Defendant's motion (ECF No. 37), and the U.S. Probation Office filed a Third Party Custodian and Location Monitoring Report as to Defendant. (ECF No. 36.) According to the U.S. Probation Officer, the third-party custodian that Defendant proffered in their instant motion had been arrested for a possession offense and for reckless driving. (*Id.* at 4.) When asked by the Probation Officer specifically about his arrest for possession, Magofna "explained that he 'forgot' about the arrest, which was for driving a stolen vehicle," and was otherwise "unable to recall . . . specific details." (ECF No. 36 at 4.) However, a copy of the Department of Public Safety police report indicated he was charged with possession based on illicit substances allegedly found in the vehicle he was

operating and in his personal bag. (*Id.*) U.S. Probation Officer Gregory Arriola ultimately determined that Magofna was not suitable to be a third-party custodian based on his lack of candor. (*Id.*)

At the Defendant's motion hearing held on April 11, 2022, Defendant's attorneys argued that reopening the detention hearing would be proper because they were unaware of Magofna as a potential and viable third-party custodian at the time of the January 27 detention hearing. Defendant further averred that if permitted to take the stand, Magofna would explain that he had not been convicted of the crimes for which he was arrested and had other explanations for his criminal record. The Court did not see the need for Magofna to take the stand because of the possibility that he may incriminate himself without the advice of counsel and denied Defendant's motion finding no basis to reopen the detention hearing.

## II.    LEGAL STANDARD

The Bail Reform Act of 1984 at 18 U.S.C. § 3142(f)(2) mandates that a detention hearing be held immediately upon the defendant's first appearance unless a continuance is sought. "Except for good cause," the defendant may move for a continuance of five days, and the Government three days. 18 U.S.C. § 3142(f)(2). "The hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing *and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community*." *Id.* (emphasis added). "Courts have interpreted this provision strictly, holding that a detention hearing should not be reopened if the information was available at the time of the initial hearing." *United States v. Forsyth*, 2012 WL 3253195, at *3 (D. Nev. Aug. 7, 2012) (collecting cases).

### III. DISCUSSION

In addressing whether the Court should reopen the detention hearing, Defendant's counsel argues that Magofna's election to be a third-party custodian qualifies as information unavailable at the time of the detention hearing. Also, because of the change in counsel between Attorney Banes and Attorney Torres, there was insufficient time to find Magofna as a third-party custodian. Defendant's counsel points out that other potential third-party custodians were unavailable because they are implicated in the charged offense. The Government, in opposition, asserted that this information could have been available to Defendant's counsel at the time of the detention hearing. Should the Court allow the detention proceedings to be re-opened on the possibility of a third-party custodian, this would potentially create numerous and repeated detention hearings until the proper third-party custodian is found. Ultimately, the Government claims, the detention hearing would never be "closed."

In *United States v. Flores*, the court squarely addressed reopening pretrial detention hearings as set forth by the Bail Reform Act of 1984. 856 F. Supp. 1400 (E.D. Cal. 1994). Although that case involved the Government seeking to reopen the detention hearing, its reasoning is nonetheless instructive for the case at bar. In sum, the court reasoned:

> There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held. Generally, reconsideration of a decided matter based on the presentation of additional evidence requires good cause for the failure to present that evidence initially. A rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice.

*Id*. at 1406 (internal citation omitted).

The Court agrees with the Government that Defendant has not proffered any new information that would warrant reopening the detention hearing. First, while Attorney Torres was not retained as Defendant's counsel at this case's inception, Defendant has remained a constant fixture. Defendant could have informed his previous counsel as well as Attorney Torres himself on the availability of John Magofna as a third-party custodian, but he did not. Furthermore, it is concerning that Defendant moves to reopen the issue of his detention over two months after the original detention hearing. Offering a third-party custodian well after the detention hearing does not evince due diligence and good cause by Defendant; indeed, Defendant could have sought another continuance of the detention hearing to find a third-party custodian but chose not to. All of these facts lead the Court to conclude that the availability of the third-party custodian Magofna is not information properly described as new. Thus, the Court denies Defendant's motion to reopen the detention proceedings to allow for his release.

Defendant's proffered third-party custodian was perhaps not as readily known as the third-party custodians proffered in the cases cited by the Government. *See United States v. Siemer*, 2017 WL 11461889, at *1 (D. Nev. Dec. 5, 2017) (in his previous motion to reopen his detention hearing, "Defendant also cited the availability of both his girlfriend and his sister as potential third-party custodians. Defendant does not articulate how this information was previously unavailable."); *United States v. Jordan*, 2014 WL 12709415, at *2 (D. Nev. June 25, 2014) ("Jordan does indicate that he has identified a potential third-party custodian, but provides no explanation as to why the proposed custodian did not come forward during the original detention hearing."); *United States v. Young*, 2014 WL 11380770, at *3 (D. Nev. Feb. 25, 2014) ("[H]is mother's willingness to act as a third party custodian was not substantiated by an affidavit and could have been presented at the detention

hearing."). Nonetheless, Defendant was charged in early January. It is incumbent on Defendant and his counsel to promptly look for a potential third-party custodian to secure Defendant's liberty pending trial. The Court is therefore unpersuaded that Defendant's counsel did not have time to find the ideal candidate for a third-party custodian until recently.

Furthermore, the availability of a third-party custodian does not now constitute a "material change in circumstances to justify re-examination of Defendant's detention." *United States v. Bowens*, 2007 WL 2220501, at *3 (D. Ariz. July 31, 2007).  The mere production of a proposed third-party custodian is not sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. Defendant is charged with possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug crime; he is additionally charged with two separate drug trafficking offenses at the Commonwealth Superior Court. The evidence presented at the preliminary hearing showed the amount of methamphetamine found at Defendant's hotel room as well as the two firearms.  (Tr. 10-11, ECF No. 28.) These facts address not only the weight of the evidence against him, but also the issue of Defendant being a threat to the community. Furthermore, as presented by the Government at the detention hearing, Defendant was found with a cellphone while in the Department of Corrections custody, thereby violating federal law, and also attempted to bribe a corrections officer. (*Id*. at 48-49.) That Defendant now has a potential third-party custodian—who has been less than candid with his criminal record and whose relationship with Defendant is that of a friend—does not overcome the presumption afforded to the Government. This, coupled with Defendant's reckless disregard for the rule of law while in custody as well as while already being

prosecuted in the local court strongly suggests that Defendant has not rebutted the his appearance would not be reasonably assured or that the safety of the community would be preserved.

### IV. CONCLUSION

For all these reasons, the Court hereby DENIES Defendant's motion for his failure to present information that now exits but that was not known to the Defendant at the time of the initial hearing, and his failure to establish that this new information is material to release conditions regarding flight or dangerousness to justify a second detention hearing. Defendant shall remain detained pending trial.

IT IS SO ORDERED this 12th day of April, 2022.

RAMONA V. MANGLONA
Chief Judge